IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LAQUITA MCGEE** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:21-CV-16-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for Social Security Disability and/or Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security is supported by substantial evidence and there are no reversible errors. The court affirms the Commissioner's decision.

## FACTS

The plaintiff, Laquita McGee, filed for benefits on July 8, 2019, alleging onset of disability commencing on June 28, 2019. The plaintiff amended the date of onset at the administrative hearing to March 2020, when McGee quit working.

McGee went to the emergency department of Baptist Memorial Hospital on June 28, 2019 with complaints of tingling and numbness in her feet which had moved up to her waist and lower abdomen. She was admitted to the hospital and testing resulted in a diagnosis of multiple sclerosis. McGee is also obese with a BMI of 46.1.

The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on August 26, 2020. (Dkt. 13 p. 15-22).[1] The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined McGee had the following severe impairments: multiple sclerosis and obesity. The ALJ found she retained the residual functional capacity (RFC) to perform light work except she can only tolerate occasional exposure to extreme heat. The ALJ found based on the testimony of the vocational expert that McGee can perform her past relevant work as a medical assistant and phlebotomist as the jobs are typically performed, and therefore found she was not disabled.

## **ANALYSIS**

The ALJ found the opinions of the state agency medical consultants to be persuasive. These consultants found McGee would be limited to light work, consistent with the ALJ's assessment of McGee's RFC. The ALJ found that the later produced evidence would not significantly alter these opinions.

McGee was referred after her diagnosis to Dr. Sonone, a neurologist, who saw her on August 19, 2019. His review of MRIs of her brain and cervical spine, led to him finding McGee had multiple sclerosis, most likely relapsing and remitting. He prepared a medical source

---

[1] The administrative record is Docket 13. Unless otherwise indicated, all references are to the administrative record. The page cites are to the court's numbering system, rather than the administrative numbering.

2

statement on July 31, 2020. He found McGee would be off task 25% of a normal workday and would experience pain and other symptoms severe enough to interfere with her ability to perform even simple work tasks. He opined she could sit less than two hours per workday and could lift no more than ten pounds on an occasional basis. The ALJ rejected these opinions as not supported by Sosone's office notes and inconsistent with the record as a whole. The plaintiff argues the ALJ erred in rejecting this specialist's opinions and in failing to adequately explain his analysis of these opinions.

The plaintiff also argues the ALJ failed to consider all the evidence. Specifically she asserts the ALJ failed to properly consider and assign limitations because of findings on a July 2019 MRI of her thoracic and lumbar spine.

**1. Analysis of Medical Opinions**

The plaintiff argues that the ALJ failed to provide any meaningful explanation for rejecting Dr. Sonone's opinions, arguing that the decision, while mentioning both supportability and consistency, provided only meaningless boilerplate in support of this finding. In assessing the persuasiveness of Sonone's opinions the ALJ repeated the doctor's opinions and stated, "Such extreme limitations are not supported by Dr. Sonone's own office notes, and are not consistent with the entire record as a whole. Therefore, they are found to be unpersuasive." R. 19.

However, the ALJ's detailed discussion of McGee's medical records provides the needed explanation as to why he rejected Sosone's statement. The ALJ mentioned that Sonone saw McGee in August 2019 and placed her on medications, but the neurological examination was normal. McGee had a full range of motion in the upper and lower extremities and no loss of

3

sensation or strength in her extremities. Sonone told McGee to follow up with him in four or five months, but McGee did not return to the doctor. R. 20.

Additionally, the ALJ discussed the other medical records. The records of a November 2019 emergency room visit showed McGee complained of generalized body aches, pain in her neck and head, and sharp sensations in her side. The doctors found she was having an MS exacerbation and gave her methylprednisolone, "which helped her condition." R. 20.

She returned to the ER about two months later. This time McGee had diffuse myalgia but felt better after receiving medications. She was instructed to follow up with Sonone the next day but failed to do so.

At a third ER visit in early March, 2020, McGee reported flu-like symptoms. The neurologist on call with Sonone's office did not believe she was having an MS flare.

About two weeks later, McGee was seen a fourth time in the ER, this time with reports of body aches, back and leg pain. She was given steroids in the ER and prescribed a Medrol dose pack. Again, McGee was instructed to follow up with Sonone the next week, and again McGee failed to do so. *Id.*

The ALJ also discounted the plaintiff's testimony about the level of her impairments and the degree of pain she claimed in her testimony at the hearing. The plaintiff testified to a plethora of symptoms including dizziness, loss of balance, memory issues, hand, back and foot pain, and difficulty walking. She testified she spent half her day in bed and rated her pain as an eight or nine on a scale of ten. She testified she could not sit in one place more than twenty minutes and had trouble with falling. The ALJ noted her testimony was not consistent with the objective record. He also noted her scant treatment record tended to indicate that her symptoms

4

were not as severe or disabling as she indicated in her testimony, diminishing the persuasiveness of her testimony.

Furthermore, Sonone's opinions are obviously inconsistent with the reports of the state agency consultants, which the ALJ also discussed and found persuasive.

Accordingly, the court finds that the ALJ's decision adequately explains why he found Dr. Sonone' opinions unpersuasive and thus, that aspect of the decision is supported by substantial evidence.

**2. Failure to Consider All Evidence**

The plaintiff next argues the ALJ erred in failing to consider all the evidence. In his decision, the ALJ noted that the claimant's July MRI of her thoracic and lumbar spine were unremarkable. R. 19. The MRI impression is that she has facet arthropathy, but the MRI is otherwise unremarkable. The plaintiff argues the ALJ erred when he failed to consider the totality of the findings which included a finding of advanced left-sided facet degeneration. R. 275.

The Commissioner counters by noting that whatever limitations may have been attributable to the facet arthropathy shown in the MRI, the evidence of record shows that such limitations did not impact McGee's ability to perform her past relevant work. This is a compelling argument because McGee returned to work as a phlebotomist after the MRI was performed, working at this job for the second half of 2019 and the first two months of 2020.

Furthermore, the court notes that the plaintiff was not complaining of any back pain or low back symptoms at the time the MRI was performed. R. 414. Accordingly, the court finds that any error in the consideration of the MRI is harmless.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is affirmed in its entirety.

**SO ORDERED** this the 25th day of March, 2022.

                                                    **/s/ David A. Sanders**
                                                    **U.S. MAGISTRATE JUDGE**